UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM G. SUTHERLAND,

    Petitioner,

v.                                            Case No. 1:10-cv-629
                                          Hon. Gordon J. Quist

RAYMOND BOOKER,

    Respondent.
                                /

**REPORT AND RECOMMENDATION**

Petitioner, William G. Sutherland, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

The Michigan Court of Appeals summarized the underlying facts of petitioner's conviction as follows:

> Defendant befriended a group of special education high school students and was later accused of paying two of the female students for sex. The students all participated in a program called Student Transition, Reaching Independence, Direction, and Employment (STRIDE) at Battle Creek Central High School, which is an alternative curriculum program for students who are "cognitively mentally impaired." The students generally perform academically at a third or fourth grade level and have a level of mental development of children five or six years younger than their chronological age.
>
> The victim alleged that defendant arranged to have sex for money with her on three occasions when she was fourteen years of age. She testified that a male STRIDE student, Tyray Robinson, telephoned defendant and told him that she was willing to have sex with defendant for money when, in fact, she did not want to do so. Each time, defendant picked her up in his vehicle and drove her to his house. There, he performed various sex acts on her, including sexual intercourse, in exchange for money. The victim shared this money with Robinson.

*People v. Sutherland*, No. 266204, slip op. at p. 1 (Mich. App. March 15, 2007) (docket no. 31).

On September 1, 2005, following a jury trial, petitioner was convicted of three counts of third-degree criminal sexual conduct, M.C.L. § 750.520d(1)(a) (person 13 to 15 years of age), and one count of accosting a child for immoral purposes, M.C.L. § 750.145a. *Id.*; Trial Trans. (Sept. 1, 2005) (docket no. 27). Petitioner was sentenced as an habitual offender, third offense, M.C.L. § 769.11, to 20 to 30 years imprisonment for each of his third-degree criminal sexual conduct convictions, and to 43 to 96 months imprisonment for his accosting for immoral purposes conviction. *Sutherland*, No. 266204, slip op. at p. 1; Sent. Trans. (docket no. 28).

Petitioner, through counsel, appealed his convictions to the Michigan Court of Appeals, filing a brief which raised four issues:

    I.    Whether [petitioner] is entitled to a new trial because of the admission of school records and hearsay information contained therein which violated M.C.L. §600.2165; Was trial counsel's failure to object ineffective assistance of counsel?

    II.    Whether [petitioner's] conviction in Count One, criminal sexual conduct in the third degree, alleging oral sexual penetration, must be reversed where the prosecution failed to present sufficient evidence to satisfy the due process standard of guilt beyond a reasonable doubt?

    III.    Whether where substantial evidence indicates that [petitioner] did not commit third-degree criminal sexual conduct his conviction is against the great weight of the evidence and is a violation of due process?

    IV.    Whether [petitioner] is entitled to a resentencing (A) if one conviction is set aside and a resentencing is required in any event because (B) the guidelines were inaccurate and (C) the sentence was in violation of the Sixth Amendment right to a jury trial?

Brief (docket no. 16).

The Michigan Court of Appeals affirmed petitioner's convictions. *Sutherland*, No. 266204. Petitioner raised the same issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied because it was not persuaded that the questions presented should be reviewed. *People v. Sutherland*, No. 133859 (Mich. July 30, 2007) (docket no. 32).

Sutherland then filed a motion for relief from judgment pursuant to MCR 6.500 *et seq.* raising the following issues:

I. [Petitioner] was denied due process by multiple instances of prosecutor misconduct.

    A. Knowingly presenting perjured testimony and failing to correct that testimony.

        1. Wixson testified that he was incarcerated on four cases when, in fact, he was in jail on twelve cases, two of which carried life sentences.

        2. Wixson testified that he was incarcerated for two cases of probation violation when, in fact, he was in jail for three cases of probation violation.

        3. Wixson testified that his convictions occurred in 2002 when, in fact, they were in 2003.

        4. Wixson testified that this was his first time in jail when, in fact, he had been in jail numerous times.

    B. The prosecutor gave Wixson a generous deal for his testimony when Wixson and the prosecutor said there was no deal.

    C. Appealed to the sympathy of the jury.

    D. Failure to produce exculpatory evidence.

> II. [Petitioner] was denied due process of law when the court knew that Marc Wixson committed perjury on the stand, but failed to do anything about it.
>
> III. [Petitioner] was denied the effective assistance of [trial] counsel.
>
>> A. There was an actual conflict of interest
>>
>> B. Failure to cross-examine Wixson and Marissa Caldwell
>>
>> C. Failure to object.
>>
>> D. Failed to investigate/prepare trial.
>
> IV. [Petitioner] was denied the effective assistance of counsel on appeal.
>
> V. The cumulative effect of the errors denied [petitioner] a fair trial.

Motion for relief from judgment (docket no. 5-1).

The trial court denied the motion on December 4, 2008. *See* Court Finding & Order (docket no. 5-3 at pp. 8-10). The court found that petitioner had previously raised Issue III, ineffective assistance of trial counsel, in his appeal of right and that this issue was denied. *Id.* at p. 1. Given this history, the court found that petitioner's claim of ineffective assistance of trial counsel was prohibited by MCR 6.508(D)(2).[1] *Id.* With respect to the remaining issues, "with the possible exception of his claim of ineffective assistance of appellate counsel," the court found that petitioner failed to establish good cause why those issues were not raised in his prior appeal, citing MCR

---

[1] MCR 6.508(D)(2) provides in pertinent part that:

"The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion . . . (2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[.]

4

6.508(D)(3). *Id.* at pp. 1-2.[2] In addition, the court found that "[a]ll of these matters could have and should have been raised, if at all, in his direct appeal." *Id.* at p. 2.

Furthermore, the court found that petitioner was not prejudiced by these issues because even if the issues had been raised at trial, petitioner would not have had a reasonably likely chance of acquittal as required by MCR 6.508(D)(3)(b).[3] *Id.* With respect to Wixson, the court stated:

> Defendant's claim that Wixson committed perjury is certainly not proven whatsoever from a review of Defendant's motion. Nor does the claim justify further proceedings since Wixson was, in the final analysis, a minor witness whose testimony, while relevant, was not pivotal in the Defendant's conviction. There was more than enough evidence other than the testimony of witness Wixson to convict the Defendant. This Court is satisfied that the guilty verdict in this case would have occurred even if Wixson had not testified or even if all that Defendant alleges concerning Wixson had been raised and established at trial.

*Id.* The court added that, "[t]he same analysis applies to the balance of the Defendant's issues in this motion." *Id.* Finally, with respect to Sutherland's claim that he was denied effective assistance of appellate counsel ("IAAC"), the court held that "the record fails to establish the requisite foundation for such a claim." *Id.*

---

[2] MCR 6.508(D)(3) provides in pertinent part that:

"The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion . . . (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal or in the prior motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief[.]"

[3] The definition of actual prejudice referenced by the trial court is found at MCR 6.508(D)(3)(b)(i), which provides that "'actual prejudice' means that, (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal."

Petitioner filed a *pro se* delayed application for leave to appeal this order to the Michigan Court of Appeals raising the following issues:

> I. Whether [petitioner] was denied due process by multiple instances of prosecutor misconduct?
>
> II. Whether [petitioner] was denied due process of law when the court knew that Marc Wixson committed perjury on the stand, but failed to do anything about it?
>
> II. Whether [petitioner] was denied the effective assistance of counsel?
>
> IV. Whether [petitioner] was denied the effective assistance of counsel on appeal?
>
> V. Whether the cumulative effect of the errors denied [petitioner] a fair trial?

Delayed Application for leave to appeal (docket no. 33). The Michigan Court of Appeals denied the delayed application "for failure to meet the burden of establishing entitled to relief under MCR 6.508(D)." *People v. Sutherland*, No. 295224 (Mich. App. Jan. 7, 2010) (docket no. 33). Petitioner raised the same five issues in his application for leave to appeal to the Michigan Supreme Court, which that court also denied because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Sutherland*, No. 140552 (Mich. June 28, 2010) (docket no. 34).

Sutherland raised the following issues in his amended petition for federal habeas relief under 28 U.S.C. § 2254 (in his words):

> I. Denied 5th and 14th Amendment right to due process, by multiply instances of prosecutorial misconduct.
>
> II. Was denied 5th and 14th Amendment right to due process of law when the court knew that Wixson committed perjury on the stand, but failed to do anything about it.

>   III.  Was denied Sixth Amendment right to effective assistance of counsel.
>
>   IV.  Was denied 6th and 14th Amendments rights to the effective assistance of counsel on appeal.

Amend. Pet. (docket no. 5).[4]

## II. Procedural default

### A. Procedural default

Petitioner's Issues I, II and III have been procedurally defaulted.[5] Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."

---

[4] Petitioner submitted a 32-page Memorandum and 62-page Appendix in support of his original petition. *See* Memorandum (docket no. 2); Appendix (docket no. 3). Petitioner then filed an amended petition with 416 pages of attachments. *See* Amended Petition (docket no. 5) and Attachments (docket nos. 5-1, 5-2, 5-3, 5-4 and 5-5). For purposes of this report, the Court views petitioner's Memorandum (docket no. 2) as the most succinct presentation of his claims.

[5] Respondent does not contend that Issue III is procedurally defaulted, taking the position that the trial court erred in finding that "[d]efendant's claim in this motion of ineffective assistance of counsel was previously raised and denied in his appeal of right." *See* Answer at p. 21. The state court record suggests that petitioner's specific claims for ineffective assistance of counsel raised in his motion brought pursuant to MCR 6.500 *et seq.* differed from those raised on appeal. However, whether petitioner raised particular issues in his direct appeal, which were later barred by MCR 6.508(D)(2), is a matter of state law which this Court does not address on federal habeas review. The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). For these reasons, the Court will not disturb the state court's ruling that Issue III was procedurally defaulted under MCR 6.508(D)(2). Respondent's failure to raise a procedural default defense as to Issue III does not prevent this Court from raising it sua sponte. "[E]ven if the State does waive a procedural default defense, we may raise it sua sponte." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (internal quotations omitted).

7

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a state procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Petitioner first raised all of these issues after his direct appeal in his motion for relief from judgment filed pursuant to MCR 6.500 *et seq*. Both the Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal the issues because petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The Sixth Circuit previously held that a state court order referencing MCR 6.508(D) was a valid procedural bar for habeas purposes. *See, e.g., Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005). However, in *Guilmette v. Howes*, 624 F.3d 286, 288 (6th Cir. 2010) (*en banc*), the Sixth Circuit held that brief orders which cite only MCR 6.508(D) – i.e., the type of order entered by the Michigan appellate courts this case – "are not explained orders invoking a procedural bar." In reaching this determination, the court observed that "Michigan practice confirms that brief orders citing Rule 6.508(D) in some cases refer to a petitioner's failure to meet his burden on the merits." *Guilmette*, 624 F.3d at 291. "Because the form orders in this case citing Rule 6.508(D) are ambiguous as to

8

whether they refer to procedural default or denial of relief on the merits, the orders are unexplained." *Id.* Thus, courts "must look past such orders 'to the last reasoned state court opinion to determine the basis for the state court's rejection' of a petitioner's claim." *Skinner v. McLemore*, 425 Fed.Appx. 491, 495 (6th Cir. 2011), quoting *Guilmette*, 624 F.3d at 291.

Here the last reasoned state opinion was the trial court's order denying petitioner's motion for relief from judgment on procedural grounds pursuant to MCR 6.508(D)(2) and (3). Petitioner's Issues I, II and III are procedurally defaulted.

### B. Cause and Prejudice

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In this instance, petitioner contends that his appellate counsel was ineffective for failing to raise these issues on appeal and has raised IAAC as both an independent claim in Issue IV and as cause for the procedural defaults.

### 1. Petitioner's claim of IAAC

The state trial court found that "[a]s to [petitioner's] allegation that he was denied effective assistance of appellate counsel, the record fails to establish the requisite foundation for such a claim." *See* Court Finding & Order (docket no. 5-3 at p. 9). Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the

9

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 776, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

Petitioner contends that his appellate counsel was ineffective for failing to raise the claims as set forth in his motion for relief from judgment. In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original). Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690.

Appellate counsel enjoys a strong presumption that the alleged ineffective assistance falls within the wide range of reasonable professional assistance. *See Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003), *citing Strickland*. It is not necessary for appellate counsel to raise every non-frivolous claim on direct appeal. *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Jones v. Barnes,* 463 U.S. 745 (1983). On the contrary,

> Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.

*Jones*, 463 U.S. at 751-52. It is well-recognized that the effect of adding weak arguments to an appellate brief "will be to dilute the force of the stronger ones." *Id.* at 752, *quoting* R. Stern, *Appellate Practice in the United States* 266 (1981). "[I]f you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention." *Id.* The strategic and tactical choices to determine which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir.1990).

To evaluate a claim of IAAC, the court assesses the strength of the claim appellate counsel failed to raise. *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir.2004). If there is a reasonable probability that petitioner would have prevailed on appeal had the claim been raised, then this court can consider whether the claim's merit was so compelling that appellate counsel's failure to raise it amounted to ineffective assistance of appellate counsel." *Id.* at 700.

Petitioner's appellate counsel raised four claims on direct appeal: ineffective assistance of trial counsel; insufficient evidence to support the conviction; a conviction which was against the great weight of the evidence; and errors related to sentencing. While petitioner did not prevail on appeal, these issues were not frivolous. The court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690. In such cases

> [the petitioner] must make the "difficult" showing that the state court unreasonably applied the Supreme Court's "highly deferential" test for ineffective assistance. *Harrington v. Richter*, ——U.S. ——, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His task is more challenging still because it is "difficult" to demonstrate that appellate counsel is incompetent simply for failing to raise a particular issue. *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). [The petitioner] must show that the issue his appellate counsel failed to raise was "clearly

12

stronger" than the issues his counsel did raise, *id.*—and that the state court lacked a reasonable basis for believing otherwise.

*Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012).

Here, petitioner's cryptic IAAC claim does not address either the legal or factual issues relevant to such a claim. Rather, petitioner has raised only conclusory arguments, stating that "[a]n attorney's failure to raise meritorious issues on appeal can constitute ineffective assistance of counsel on appeal," that the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 20, of the Michigan Constitution of 1963 "guarantee a criminal defendant the right to the effective assistance of counsel on appeal," that "[h]e was deprived of that right where his attorney failed to bring forth the within issues," and that "[b]ecause of appellate attorney's ineffective assistance on direct appeal, Mr. Sutherland should be granted a new appeal of right." Petitioner's Memorandum at p. 26 (docket no. 2). While petitioner has pointed out additional issues that appellate counsel could have conceivably brought, he has not demonstrated that these issues were stronger than the issues presented on appeal, that there is a reasonable probability that he would have prevailed on appeal with the inclusion of these issues, and that these issues were so compelling that appellate counsel's failure to raise them amounted to ineffective assistance of appellate counsel. *See Wilson*, 515 F.3d at 707; *McFarland*, 356 F.3d 699-700. An unsupported allegation of ineffective assistance of counsel fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Accordingly, petitioner has failed to demonstrate IAAC as either an independent claim or as cause for his procedural default.

### 2. Fundamental miscarriage of justice

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner has presented "new" evidence is in the form of a handwritten statement from the victim dated April 17, 2009, which petitioner refers to as an "affidavit." *See* Statement (docket no. 3-4). In this statement, written more than 3 1/2 years after the trial, the victim has recanted at least part of her testimony. *See* Statement (docket no. 3-4). This unsworn statement is of no evidentiary value and cannot be considered as reliable new evidence establishing petitioner's actual innocence. Even if this statement was an affidavit (which it is not), it would insufficient to establish actual innocence for overcoming a procedural default. Affidavits of witnesses which merely recant trial testimony are of little value in establishing actual innocence. *Carter v. Mitchell*, 443 F.3d 517, 538-39 (6th Cir. 2006). "Recanting affidavits and witnesses are viewed with extreme suspicion by the courts." *Byrd v. Collins*, 209 F.3d 486, 508 fn. 16 (6th Cir. 2000), quoting *Spence v. Johnson*, 80 F.3d 989, 997 (5th Cir. 1996). *See also*, *Giles v. Wolfenbarger*, 239 Fed.Appx. 145, 148 (6th Cir.2007) (such caution is "clearly warranted" when "[t]here is no evidence concerning the authenticity of the affidavit, the motivation of the affiant, the circumstances of the affidavit's execution, the timing of its submission, or its consistency with other evidence in the trial record"). Petitioner has failed to meet the fundamental miscarriage of justice exception under *Coleman*.

Having failed to meet this exception, petitioner's Issues I, II and III are procedurally barred and not subject to habeas review, and his claim for IAAC alleged in Issue IV should be denied.

## IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Entered: August 21, 2013                /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                        U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).