UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIAM G. SUTHERLAND,

    Petitioner,

v.                                      Case No. 1:10-CV-629

RAYMOND BOOKER,                  HON. GORDON J. QUIST

    Respondent.
_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, William J. Sutherland, has filed Objections to Magistrate Judge Hugh Brenneman's Report and Recommendation (R&R) issued August 21, 2013, recommending that this Court deny Petitioner's habeas petition.

Petitioner raised the following claims in his petition: (1) Petitioner was denied due process based on prosecutorial misconduct; (2) Petitioner was denied due process when a witness lied on the stand; (3) Petitioner was denied the effective assistance of trial counsel; and (4) Petitioner was denied the effective assistance of appellate counsel. The magistrate judge found that the first three claims were procedurally defaulted and thus not subject to habeas review. He determined that the final claim should be denied because Petitioner failed to overcome the presumption that counsel rendered adequate assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner objects to the R&R on the ground that the description of the evidence presented at trial was inaccurate. Petitioner further states that the R&R contains two additional errors, but that

he is unable to address these errors due to health problems. He requests that the Court stay the proceedings or appoint counsel.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R&R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After conducting a *de novo* review of the R&R, and having considered Petitioner's Objections and his petition, the Court concludes that the R&R should be adopted.

Petitioner's objection, which is based on a description of the evidence introduced at trial, fails to address the rationale for the magistrate's recommendation. The evidence discussed is irrelevant to the determination that Petitioner's first three claims are procedurally barred. Moreover, it has no bearing on whether appellate counsel rendered adequate assistance.

Finally, the Court rejects Petitioner's request that the Court stay the proceedings or appoint counsel to enable Petitioner to file additional objections. Petitioner has filed an extensive petition and numerous exhibits. There is nothing in these documents to suggest that Petitioner has a meritorious argument to refute the magistrate's conclusions. Thus, appointment of counsel would not be appropriate. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (noting that appointment of counsel is justified only by "exceptional circumstances," and is not appropriate when a *pro se* litigant's chances of success are extremely slim). Moreover, a stay would unnecessarily prolong these proceedings.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*,

263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 21, 2013 (dkt. no. 42) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (dkt. no. 46) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated:  September 19, 2013              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE